UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-------------------------------------------------------------X

YANPING XU,

Plaintiff,

-against-

**<u>MEMORANDUM & ORDER</u>**
19-CV-1362 (JMA) (ARL)

SUFFOLK COUNTY, SUFFOLK COUNTY
SHERIFF OFFICE, ERROL D. TOULON, JR.,
CHRISTOPHER GUERCIO, MCCOYD PARKAS
& RONAN LLP, BILL P. PARKAS, ESQ.,
RAYMOND E. VAN ZWIENEN, STACEY
MCGOVERN, PETER KIRWIN, SUE DESENA,
BRIDGETTE SEDENFELDER,

**FILED**
**CLERK**

4:20 pm, Jul 14, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Defendants.

-------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court are the defendants' motions to dismiss the amended complaint filed by

<u>pro se</u> plaintiff Yanping Xu ("Plaintiff").   For the reasons that follow, the amended complaint is

dismissed in its entirety without prejudice for lack of subject matter jurisdiction pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## I. BACKGROUND

**A. <u>Procedural History</u>**

On March 8, 2019, Plaintiff commenced this action against Suffolk County, the Sheriff['s]

Department (Office) of Suffolk County (the "Sheriff's Department"), Suffolk County Sheriff Errol

D. Toulon, Jr. ("Sheriff Toulon"), John Does 1-6, McCoyd Parkas & Ronan LLP ("MPR LLP"),

Bill P. Parkas, Esq. ("Parkas"), and Raymond E. Van Zwienen ("Van Zwienen") (collectively, the

"Original Defendants") alleging, <u>inter alia</u>, a deprivation of her Constitutional rights with regard

to her eviction from the premises known as 12 Mallar Avenue, Bay Shore, New York.   (ECF No.

1.)   The named Original Defendants each requested a pre-motion conference in anticipation of

filing a motion to dismiss the complaint and Plaintiff responded to those requests.   (ECF Nos. 18, 20, 24, 29, and 31.)   By Electronic Order dated August 12, 2019, the Court waived its pre-motion conference requirement and set a briefing schedule for the motions to dismiss.   After receiving the moving papers from some of the Original Defendants, Plaintiff sought leave to file an amended complaint.   (ECF No. 47.)

By Order dated November 15, 2019, the Court granted Plaintiff's application and deemed the amended complaint to be the operative pleading.   (ECF Nos. 47-1, 48)   The amended complaint continued to name the Original Defendants but replaced the "John Does" with the following individuals, all of whom are employed by the Suffolk County Sheriff's Department: Captain Christopher Guercio ("Guercio"), and Deputy Sheriffs Stacey McGovern ("McGovern"), Peter Kirwin ("Kirwin"), Sue Desena ("Desena"), and Bridgette Sedenfelder ("Sedenfelder") (collectively with the named Original Defendants, "Defendants") (ECF Nos. 47-1, 49.)   The Court also modified the briefing schedule to allow the Defendants who had already served their motion to serve supplemental briefs and to allow Plaintiff to file opposition papers.   (ECF No. 48.)   The newly-added defendants also sought leave to move to dismiss and requested a briefing schedule (ECF No. 58), which the Court set.

**B. Plaintiff's Allegations and the Underlying Litigation in State Court**

The following facts are taken from the amended complaint and judicially noticed records of related state court proceedings.   See Blue Tree Hill Inv. (Can.) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (taking judicial notice of state court records).

This action arises from the eviction of Plaintiff from the premises known as 12 Mallar Avenue, Bay Shore, New York (the "Subject Premises").   (Am. Compl., generally, and ¶ 1.) Plaintiff alleges that she is of "Chinese national origin" and resided at the subject premises beginning in 2001 following her marriage to William H. Van Zwienen ("William" or "decedent") who owned the subject premises prior to the marriage.   (Id. ¶ 1-2.)   William died on September 29, 2016.   (Id.)

According to the complaint, William "settled [the Subject Premises] in his revocable trust in 2008."   (Id. ¶ 1.)   The William H. Van Zwienen Revocable Trust (the "Trust"), dated July 15, 2008, was funded with the subject premises and named Plaintiff as the beneficiary of the Trust. However, the Trust was subsequently amended on December 16, 2013 ("First Amendment") and on October 17, 2014 ("Second Amendment").   (Id. ¶ 28; Decision & Order dated April 5, 2018, Surrogate's Court, Suffolk County at 1-2 (the "April Order", ECF No. 73-6.))   The First Amendment removed Plaintiff as a beneficiary entirely and left the Trust property equally to William's four adult children from a previous marriage.   (See April Order at 1, ECF No. 73-6.) The Second Amendment permitted Plaintiff to reside at the subject premises for six (6) months after William's death, after which the subject premises was to be sold with the proceeds equally distributed among Plaintiff and William's four children.   (Id. at 1-2, ECF No. 73-6.)   Thus, under the terms of the amended Trust, Plaintiff's possessory right to occupy the Subject Premises terminated on March 29, 2017, six (6) months after William's death.   Plaintiff refused to vacate the Subject Premises at the end of this six-month period.   (See Am. Compl. generally; April Order, generally.)

Accordingly, Van Zwienen—a defendant herein and one of the decedent's four children who was named as the Executor of the decedent's estate and as Successor Trustee of the Trust—filed a petition in the Surrogate's Court, Suffolk County, on December 22, 2017, to recover possession of the Subject Premises and for the ejectment of Plaintiff (the "Surrogate's Court Action").   (Am. Compl. ¶¶ 28-29.)   Van Zwienen was represented by MPR LLC and Parkas during these proceedings.   (Id. ¶¶ 29-30.)   Plaintiff defaulted in the Surrogate's Court action and, on February 16, 2018, the court ordered Plaintiff to vacate the subject premises within ten (10) days from the date of the Order and directed the Sheriff to eject her should she fail to so vacate. (See Decision & Order dated February 16, 2018, Surrogate's Court, Suffolk County (the "February Order", ECF No. 73-5.))   Plaintiff moved to vacate her default; that motion was denied on April 5, 2018 (the "April Order").   (ECF No. 73-6.)   Plaintiff filed an appeal of the April Order in the Appellate Division, Second Department, and requested a temporary stay of eviction pending a decision on the appeal.   On June 8, 2018, the Second Department denied her request for a stay of the eviction.   (ECF No. 74-5.)

Plaintiff then filed a motion in Surrogate's Court for an automatic stay of the April Order pursuant to N.Y. C.P.L.R. § 5519(a)(6).   On August 16, 2018, the Surrogate's Court granted Plaintiff's motion for a stay of eviction conditioned upon the filing of an undertaking in the amount of $2,400/month, payable to Van Zwienen as Trustee.   (See Decision & Order dated August 16, 2018, Surrogate's Court, Suffolk County at 1-2 (the "August Order", ECF No. 74-6.))   Plaintiff did not pay the undertaking, nor did she vacate the Subject Premises.   Rather, on September 17, 2018, she filed a motion in Surrogate's Court for leave to renew and/or reargue the motion resulting in the August Order, and also filed an Order to Show Cause seeking a restraining order and a stay

4

of the proceedings.  On October 10, 2018, the Court declined to sign the Order to Show Cause and reaffirmed its decision as set forth in the August Order that the stay would take effect conditional upon her payments of the undertaking.  (See Decision & Order dated October 10, 2018, Surrogate's Court, Suffolk County (the "October Order", ECF No. 74-7.))

Accordingly, having received the October Order, by letter dated October 12, 2018, MPR LLP, as counsel for Van Zwienen, requested that the Sheriff enforce the April Order and eject Plaintiff from the Subject Premises.  (Am. Compl. ¶ 19.)  Thereafter, Plaintiff filed another motion seeking re-argument of the Court's October Order and staying the undertaking requirement and restraining the eviction.  On December 3, 2018, the Surrogate's Court denied the motion. (ECF No. 74-9, 18-6)

Accordingly, on December 5, 2018, the Sheriff posted a 72-hour Eviction Notice on the Subject Premises and subsequently mailed copies by regular and certified mail to Plaintiff. Plaintiff did not vacate.  On December 7, 2018, the Appellate Division, Second Department, signed Plaintiff's Order to Show Cause seeking, inter alia, a preliminary injunction vacating the April Order and a temporary restraining order.  (ECF No. 74-10.)  However, the Court crossed out the language in Plaintiff's submission requesting that Van Zwienen and the Sheriff be restrained from entering the Subject Premises pending the decision on the motion.  (Id.)  Thus, as no temporary restraining order was entered, on December 14, 2018, the Sheriff effected the eviction of Plaintiff.  By Decision and Order dated January 15, 2019, the Second Department denied Plaintiff's renewed motion for a stay of her eviction from the Subject Premises.  (ECF No. 74-11.)

In addition, while Plaintiff's September 17, 2018 motion was still pending in Surrogate's Court, on December 17, 2018, Plaintiff filed another motion in Surrogate's Court seeking leave to renew her application to vacate the February 2018 and April 2018 orders.   On January 25, 2019, the Surrogate's Court denied both the September 2018 and December 2018 motions and enjoined Plaintiff from filing further applications without first obtaining written leave of court due to her abuse of the judicial process.   (ECF No.18-8, 74-12.)   Shortly thereafter, on March 8, 2019, Plaintiff commenced this action.   (Compl., ECF No. 1.)

Although "[P]laintiff was not at home" at the time of the eviction, Plaintiff claims she was "forcefully evict[ed]" from the Subject Premises on December 14, 2018 when Suffolk County Deputy Sheriffs McGovern, Kirwin, Desena and Sedenfelder "physically entered into the [S]ubject [P]remises and changed the locks without a warrant."   (Id. ¶¶ 1, 9.)   "Warnings" were posted on the front and back door stating that: "These premises have been put in the possession of the landlord pursuant to Court order.   Only the landlord or his representative may enter or remain." (Id. ¶ 9.)   Plaintiff also alleges that, on December 5, 2018, McGovern signed a 72-hour eviction notice and affixed it to the front door of the Subject Premises, together with the April Order of the Surrogate's Court, Suffolk County.   (Id. ¶ 10.)   The eviction notice and April Order were also mailed to Plaintiff by regular, first class mail on December 7, 2020 and by certified mail on December 8, 2020.   (Id.)    The amended complaint asserts, without further explanation, that Plaintiff notified Sheriff Toulon on October 19, 2018 "of the eviction issue."   (Id. ¶ 17.)

Plaintiff complains that MPR and Parkas "deceived" the state courts and "did not disclose information to the Surrogate that reflected defendant Van Zwienen's disqualification as a fiduciary."   (Id. ¶¶ 22-24.)   Plaintiff alleges that MPR and Parkas "knowingly failed to disclose

to the courts controlling legal authority known to them to be directly adverse to Van Zwienen's position and not disclosed by plaintiff.   They have been intentionally misleading the courts on the law and facts for leading said eviction."   (<u>Id.</u> ¶ 27.)

Following her eviction, Plaintiff complains that, on or about December 27, 2018, Van Zwienen and his attorneys authorized realtors to enter the Subject Premises and, on February 24, 2019, the realtors were authorized by Van Zwienen and his attorneys to post a "for sale" sign in front of the premises.   (<u>Id.</u> ¶ 33-34.)   Plaintiff also complains that, in February 2019, Van Zwienen and his attorneys "changed the key of decedent's automobile," which was parked at the Subject Premises, and accessed unspecified "tangible personal properties which were stored inside decedent's automobile since 12/8/18."   (<u>Id.</u> ¶¶ 35, 37.)

As a result of the foregoing, Plaintiff alleges that the "seizure of said private home violated Plaintiff's constitutional, statutory and regulatory interests and rights."   (<u>Id.</u> ¶ 43.)   Plaintiff alleges that her action is brought "pursuant to the warrant clause of the Fourth Amendment, the due process and equal protection clauses of the Fourteenth Amendment" as well as federal and state statutory law.   (<u>Id.</u> ¶ 3.)   Plaintiff also alleges that "jurisdiction may be appropriate under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, the Federal Fair Housing Act (Title VIII of the Civil Rights act of 1968), N.Y. Constitution Art. 1 §§ 1, 6, 11, 12, NYSHRL, N.Y. Gen Mun. L. § 50-I, Civil Rights § 8, RPAPL §§ 749, 735(2)(b), 853, RPTL § 425(3)(c), EPTL § 7-1.2, CPLR §§ 214, 302(a), SCPA § 401, Judiciary Law §§ 90(2), 487(1), 22 NYCRR §§ 207.9(b), 1200.0, 1240 as well as any related N.Y. Constitution, statutes, regulations, and rules."   (<u>Id.</u> ¶ 4.)

Plaintiff claims that "eviction has continued to discriminate and harm [P]laintiff." (Id. ¶¶ 47-49.) In support of this purported discrimination, Plaintiff alleges only that she is Chinese and Van Zwienen is Caucasian.

Plaintiff alleges that the "seizure of the subject private home and housing discrimination caused [P]laintiff's financial and pecuniary losses, psychological injury, humiliation, emotional distress, along with other damages" for which she seeks "reinstate[ment] of the status quo before 12/14/2018" in addition to an award of treble damages, punitive damages, costs and attorney's fees. (Id. ¶¶ 47-48.)

## C. **The Defendants' Motions**

All Defendants have filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) claiming that, inter alia, Plaintiff's claims: (1) are barred by the Rooker-Feldman doctrine; (2) are barred by the Colorado River abstention doctrine; and (3) fail to state a claim upon which relief may be granted. In addition, Van Zwienen seeks cancelation of the notice of lis pendens and Van Zwienen, together with Parkas and MPR LLP, also seek the entry of a litigation injunction against Plaintiff.

## II. DISCUSSION

## A. **Standard of Review**

The Court is mindful that when considering a motion to dismiss a pro se complaint, the Court must construe the complaint "liberally" and interpret it "to raise the strongest arguments that [it] suggest[s]." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation and quotation marks omitted). Nonetheless, "mere conclusions of law

or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

**1. Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when there is a "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).   A case is properly dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1).   In reviewing a motion to dismiss under Rule 12(b)(1), the Court accepts all factual allegations in the complaint as true.   Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).   The party asserting jurisdiction, in this case the Plaintiff, bears the burden of showing by a preponderance of the evidence that the Court has subject matter jurisdiction.   APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).   In resolving a jurisdictional issue, the Court may consider "affidavits and other materials beyond the pleadings" but "may not rely on mere conclusions or hearsay statements contained" therein.   J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).   The application of the Rooker-Feldman doctrine "goes to subject-matter jurisdiction."   Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005).

**2. Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim when a plaintiff fails to allege facts sufficient "to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6).   A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).   Mere labels and legal conclusions will not suffice.   Twombly, 550 U.S. at 555.   In reviewing a motion to dismiss, the Court must accept "as true the complaint's factual allegations and draw[ ] all inferences in the plaintiff's favor."   Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005).

## B.  The Rooker-Feldman Doctrine

Defendants argue that this Court lacks jurisdiction over this action pursuant to the Rooker-Feldman doctrine.   See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (holding that only the Supreme Court can entertain a direct appeal from a state court judgment); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (finding that federal courts do not have jurisdiction over claims which are "inextricably intertwined" with prior state court determination). The Court agrees.

The Rooker-Feldman doctrine establishes "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."   Sung Cho v. City of New York, 910 F.3d 639, 644 (2d Cir. 2018) (quoting Hoblock, 422 F.3d at 84).   This doctrine is the "clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."   Hoblock, 422 F.3d at 84.   At its core, the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

For the Rooker-Feldman doctrine to apply, the Second Circuit requires four elements to be met: (1) "the federal-court plaintiff must have lost in state court," (2) "the plaintiff must complain of injuries caused by a state-court judgment," (3) "the plaintiff must invite district court review and rejection of that judgment," and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014) (citing Hoblock, 422 F.3d at 85) (internal quotation marks and citations omitted). The first and fourth requirements are procedural, while the second and third requirements are substantive. Id. As discussed below, all four of these requirements are met here, and the Rooker-Feldman doctrine therefore bars adjudication of Plaintiff's claims in this Court.

### 1. Procedural Requirements

The procedural requirements of the Rooker-Feldman doctrine have been satisfied. The first and fourth requirements have been met because Plaintiff lost in state court before she commenced this action on March 8, 2019. The underlying state court record amply demonstrates that Plaintiff has unsuccessfully challenged the New York Surrogate's Court's Decision and Order dated February 16, 2018, that ordered Van Zwienen, as Successor Trustee of the Decedent's Revocable Trust, to take possession of the Subject Premises and directed Plaintiff "to vacate such premises within ten (10) days of the date of being served with a true copy of this order." (ECF No. 74-3.) The February Order further authorized that, upon Plaintiff's failure to vacate the premises, "the Sheriff of the County of Suffolk shall be and is hereby immediately required to enter upon the premises located at 2 Mallar Avenue, Bay Shore, New York and eject therefrom Yan Ping Xu . . . ." (Id.)

11

As is readily apparent, Plaintiff has consistently lost in state court.   Indeed, Plaintiff's appeals of the Surrogate Court's decisions to the Appellate Division demonstrate that she recognized that she had lost in the Surrogate's Court.   The Order causing the Plaintiff injury and giving rise to her claims here was issued on February 16, 2018 before Plaintiff filed her complaint in this Court on March 8, 2019. Even if the Court were to consider the latest decision from the state court, issued on January 25, 2019, it too was decided before Plaintiff's March 8, 2019 filing.

Notwithstanding this procedural history, Plaintiff contends that she is not a "state court loser" because there is no final decision from the state court given her pending appeal of the April Order to the Appellate Division, Second Department.   The Court disagrees.   Courts in this Circuit have routinely applied Rooker-Feldman despite pending state-court appeals.   See, e.g., Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340, 347 (E.D.N.Y. 2010) (collecting cases) (reasoning that the purpose of Rooker-Feldman was to prevent "federal courts (other than the Supreme Court) from reviewing and reversing unfavorable state-court judgments.") (internal quotation, citations, and alterations omitted).   "This purpose would be undermined if the doctrine is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment, while also seeking federal district court review of that judgment.   Regardless of the status of any state court appeals, the litigant is still seeking federal review of a state-court judgment."   Id.; see also Phillips ex rel. Green v. City of N.Y., 453 F. Supp. 2d 690, 714 (S.D.N.Y. 2006).

This Court agrees that Rooker-Feldman applies as long as the federal action seeks review of a previous state court judgment, regardless of whether that judgment is being appealed in the state courts when the federal case begins.   Caldwell, 701 F. Supp. 2d at 347.   Indeed, the Supreme

Court made clear in <u>Exxon Mobil</u>, 544 U.S. at 283, that "<u>Rooker-Feldman</u> prevents federal courts (other than the Supreme Court) from 'review[ing] and revers[ing] unfavorable state-court <u>judgments</u>.'" (emphasis added).   Accordingly, because the February 16, 2018 judgment of the Surrogate's Court was entered well-before the March 8, 2019 filing of the complaint in this Court, the first and fourth procedural requirements are satisfied.

### 2.  Substantive Requirements

The substantive requirements of the <u>Rooker-Feldman</u> doctrine have also been satisfied. The second requirement has been met because Plaintiff complains of injuries caused by the state Surrogate's Court action.   The gravamen of the amended complaint is that Plaintiff was wrongfully removed from the subject premises, which was the very issue presented to—and decided by—the Surrogate's Court.   Although Plaintiff now argues in conclusory fashion, that she suffered discrimination based on her national origin, such contention does not change the fact that the injuries of which Plaintiff complains were caused by the decisions of the Surrogate's Court. Plaintiff now also appears to contend that Van Zwienen, together with Parkas and MPR LLP, "intentionally deceived facts to the Surrogate" and lists a myriad of their alleged misdeeds.   (Pl. Opp. Br. at 23-24, ECF No. 76-26.)   However, Plaintiff has had the opportunity, of which she availed herself over the course of the more than three-year litigation in state court, to present evidence regarding these challenges in her efforts to obtain a favorable decision.   Although Plaintiff now also claims, <u>inter alia</u>, a deprivation of her constitutional rights as a result of the judgment of the state court, "the fact that plaintiff is alleging a new claim - - discrimination - - does not change the injury about which she complains," which was caused by the decision of the state court.   <u>Voltaire v. Westchester Cnty. Dep't of Soc. Servs.</u>, No. 11-CV-8876, 2016 WL

13

4540837, at *11 (S.D.N.Y. Aug. 29, 2016) (internal quotation omitted); Castiglione v. Papa, et al., 423 F. App'x 10, 13 (2d Cir. 2011) ("As noted by the District Court, [plaintiff] cannot avoid application of the Rooker-Feldman doctrine simply by 'presenting in federal court a legal theory not raised in state court,' for example, by framing her claims under §§ 1983 or 1985.") (citing Hoblock, 422 F.3d at 86); see also Lomnicki v. Cardinal McCloskey Servs., No. 04-CV-4548, 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007) (plaintiff who sought damages for discrimination by family court, rather than review of family court's determination, was barred on Rooker-Feldman grounds because her injury was "caused by the Family Court judgment"). Indeed, the Second Circuit has long held that a "federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court."  Hoblock, 422 F.2d at 87.   Thus, the second requirement is met.

The third requirement has also been satisfied because Plaintiff can only prevail here if the Court reviews and rejects the state court's judgments.   Plaintiff's prayer for relief makes this clear. Given Plaintiff's request that "[P]laintiff's actual residence in the subject premise should be reinstated, i.e., to the status quo before 12/14/18" (Am. Compl. ¶ 48, ECF No. 49), such relief would require a direct reversal of the state court judgments.   In asking this Court to reinstate her occupancy of the subject premises, "it is plain that [plaintiff] is inviting this court to 'reject'" the state court's decisions.   Trakansook v. Astoria Fed. Sav. & Loan Ass'n, 06-CV-1640, 2007 WL 1160433, at *5 (E.D.N.Y. Apr. 18, 2007).   Because Plaintiff's factual allegations and the relief she seeks are inextricably intertwined with the state court's Surrogate's Court judgments, she has invited this Court to review and reject the state court's judgments, thereby satisfying the third element.   Furthermore, Rooker-Feldman also bars Plaintiff's attempt to seek monetary damages.

14

Lomnicki v. Cardinal McCloskey Servs., No. 04-CV-4548 (KMK), 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007) ("Similarly, Plaintiff does not avoid Rooker-Feldman by seeking damages instead of injunctive relief.   In order to award damages to Plaintiff, the Court would have to review the decision of the Family Court.").

Given that, as is readily apparent, Plaintiff seeks to reverse the state court's judgments in the underlying Surrogate's Court proceedings, the Court concludes that all of the requirements of the Rooker-Feldman doctrine have been met.[1]   Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and the amended complaint is thus dismissed in its entirety without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).[2]

---

[1] Plaintiff's amended complaint alleges, in passing, that, in February 2019, Van Zwienen and his attorneys "changed the key of decedent's automobile," which was parked at the Subject Premises, and accessed unspecified "tangible personal properties which were stored inside decedent's automobile since 12/8/18." (Id. ¶¶ 35, 37.)   It is not clear what, if any, claims Plaintiff seeks to bring based on these allegations.   Given that Plaintiff had already been evicted from the Premises, it would appear that any personal property that Plaintiff left on the premises would be deemed abandoned.   These allegations appear to be yet another gloss on Plaintiff's claims that the Surrogate's Court order authorizing her eviction was erroneous and procured by fraud.   As such, Plaintiff's claims premised on these allegations are barred by Rooker-Feldman.   Even if these allegations could give rise to claims that are not barred by Rooker-Feldman, there are additional reasons why the Court lacks jurisdiction over any claims based on these allegations.   First, Plaintiff does not raise any colorable federal claims concerning these allegations.   A plaintiff invokes jurisdiction under 18 U.S.C. § 1331 when she pleads a "colorable claim" arising under the Constitution or federal law.   Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).   A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10 (quoting Bell v. Hood, 327 U.S. 678, 682–683 (1946)).   Second, the Court lacks diversity jurisdiction over any state law claims against these defendants as both Plaintiff and the law firm defendant are citizens of New York.   To establish diversity jurisdiction under 18 U.S.C. 1332, there must be complete diversity of citizenship between the plaintiffs and the defendants.   Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).   "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."   St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005).

[2] Given the Court's lack of subject matter jurisdiction, it declines to address Defendants' remaining contentions, including that Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Bobrowsky, 777 F. Supp.2d at 703 ("When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first.") (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990)); see also Humphrey v. Syracuse Police Dep't, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint.").

**C.   Cancellation of the Notice of Pendency**

As noted above, Van Zwienen also requests that this Court cancel the notice of pendency

or <u>lis pendens</u> filed by Plaintiff concerning the subject property.   Rule 64 of the Federal Rules of

Civil Procedure requires this Court to look to state law governing <u>lis pendens</u>.   <u>See</u> Fed. R. Civ.

P. 64; <u>State Street Bank & Trust Co. v. Trafalgar Power Inc.</u>, 95-CV-0493, 1997 WL 369384, at

*2 (N.D.N.Y. June 23, 1997).   Under New York law, a plaintiff who brings a lawsuit claiming

interest in real property may file a <u>lis pendens</u> with respect to the property.   <u>See</u> N.Y. Civil

Practice Law & Rules §§ 6501-6516.   The <u>lis pendens</u> provides notice to a potential purchaser

that an action is pending that could affect title to the property.   N.Y. C.P.L.R. § 6501; <u>Diaz v.</u>

<u>Paterson</u>, 547 F.3d 88, 89 (2d Cir. 2008).   Whether to cancel a notice of pendency under Section

6515 is a matter entirely within the discretion of the Court.   <u>Purchase Real Estate Group, Inc. v.</u>

<u>Jones</u>, 489 F. Supp. 2d 345, 348 (S.D.N.Y. 2007) (citing <u>5303 Realty Corp. v. O & Y Equity Corp.</u>,

64 N.Y.2d 313, (1984)).   Where, as here, the complaint is dismissed for lack of subject matter, the

notice of pendency should be canceled.   <u>See</u>, <u>e.g.</u>, <u>Peddie v. 2436 Marion Ave. Assoc. v. Young</u>,

01-CV-1239, 2001 WL 995337, at *2 (S.D.N.Y. Aug. 30, 2001) (citing N.Y. C.P.L.R. § 6514(b)).

Accordingly, the Clerk of the Court shall serve a copy this Order upon the County Clerk, County

of Suffolk, and the County Clerk is directed to cancel the notice of pendency filed by Plaintiff

concerning the property located at 12 Mallar Avenue, Bay Shore, New York 11706.

**D. Leave to Amend**

A <u>pro se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when

a liberal reading of the complaint gives any indication that a valid claim might be stated."   <u>Shomo</u>

<u>v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation

16

omitted).   Though "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Hassan v. U.S. Dep't of Veterans Affairs, 137 F. App'x 418, 420 (2d Cir. 2005).

Here, the Court has carefully considered whether Plaintiff should be granted leave to further amend the complaint.  Having decided that Plaintiff's claims are barred by the Rooker-Feldman doctrine, the Court finds that any further amendment of Plaintiff's claims would be futile. Consequently, the Court declines to grant Plaintiff leave to further amend.

**E.** **Litigation Injunction Under the All Writs Act**

Given Plaintiff's litigation history in the state court, Van Zwienen, Parkas, and MPR LLC ask this Court to enter a litigation injunction against Plaintiff.   For the reasons that follow, that application is denied at this time.   Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. § 1651(a).   The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."   MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).   Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.   See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).   Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction.   Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

The instant case is Plaintiff's first in the United States District Court for the Eastern District

of New York relating to the Subject Premises.   Plaintiff's history of frivolous litigation in the state court, together with the instant action, suggests that she may file a new action here concerning this subject and/or the prior underlying state court litigation.[3]   The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."   Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted).

Given Plaintiff's pro se status and her probable unfamiliarity with the Rooker-Feldman doctrine, the Court does not believe that there are sufficient grounds, at this time, for a litigation injunction.   However, now that Plaintiff is being fully advised of the frivolous nature of her lawsuit, future, duplicative lawsuits filed by Plaintiff will not be tolerated by the Court.   In short, given Plaintiff's well-documented history of vexatious litigation involving duplicative applications seeking to challenge the underlying Surrogate's Court order directing her to vacate the Subject Premises, Plaintiff is cautioned that sanctions may be imposed, including in the form of a litigation injunction, should she continue in this course of conduct.

Given Plaintiff's state court litigation history, the Court now cautions Plaintiff that, should she file another complaint in the federal district court relating to the underlying Surrogate's Court proceedings and/or her claimed rights concerning the property located at 12 Mallar Avenue in Bay Shore, New York, and/or her ejectment therefrom, the Court will order Plaintiff to show cause why a litigation bar should not be entered.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies

---

[3] Indeed, the January 25, 2019 Decision and Order of Surrogate's Court imposed a sanction enjoining Plaintiff from filing further applications in that court without first obtaining written permission to do so.

18

to <u>pro</u> <u>se</u> litigants, <u>see</u> <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and <u>pro</u> <u>se</u> litigants . . ."), and should she file another action relating to the underlying Surrogate's Court proceedings or any claimed rights concerning the subject property and/or her ejectment therefrom, it is within the Court's authority to consider imposing sanctions upon her.   <u>See</u> Fed. R. Civ. P. 11; <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); <u>Safir v. U.S. Lines,</u> <u>Inc.</u>, 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting <u>Abdullah v. Gatto</u>, 773 F.2d 487, 488 (2d Cir. 1985) (<u>per</u> <u>curiam</u>)).

### III. CONCLUSION

For the reasons stated above, the Court grants Defendants' motions insofar as the Court lacks subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine.   Accordingly, the Court dismisses Plaintiff's amended complaint in its entirety without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) and cancels the notice of <u>lis</u> <u>pendens</u>.   The Clerk of the Court shall serve a copy this Order upon the County Clerk, County of Suffolk, and the County Clerk is directed to cancel the notice of pendency filed by Plaintiff concerning the property located at 12 Mallar Avenue, Bay Shore, New York 11706.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**


Dated:   July 14, 2020
         Central Islip, New York

                                         /s/    (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE